## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| ARTURO CERVANTES VALENCIA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case Number: 4:14-cv-00776-KOB-JHE |
| | ) | |
| ERIC HOLDER, JR. et al., | ) | |
| Respondents. | ) | |

### MEMORANDUM OPINION

On April 25, 2014, Petitioner Arturo Cervantes Valencia filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). At the time he filed his petition, Valencia, a native of Mexico, was incarcerated at the Etowah County Detention Center, in the custody of the Bureau of Immigration and Customs Enforcement (ICE). In his petition, Valencia alleged that ICE was illegally detaining him pending his deportation to Mexico.

On September 19, 2016, ICE released Valencia from ICE custody because his immigration proceedings were terminated. (Doc. 16, 16-1). Respondents filed a motion to dismiss the action as moot because Valencia is no longer in ICE custody. (Doc. 16). For the reasons stated below, the court finds that the Respondents' motion to dismiss is due to be granted and this action is due to be dismissed as moot.

Article III of the Constitution limits the jurisdiction of federal courts to the consideration of "cases or controversies." U.S. CONST. art. III, § 2. "[A]n action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). A case is moot and must be dismissed if the court can no longer provide "meaningful relief." *Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) (citations omitted).

Valencia's release from ICE custody rendered his petition moot unless an exception to the mootness doctrine applies. Two exceptions to the mootness doctrine include: (1) collateral consequences and (2) "capable of repetition yet evading review." *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968); *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). Neither exception applies here. The collateral consequences exception does not apply because no "disabilities or burdens which may flow" from the challenged custody exist. *See Carafas*, 391 U.S. at 237. Moreover, the "capable of repetition, yet evading review" exception does not apply because ICE has released Valencia fom custody, and the potential circumstances of this case happening again are too speculative to create an actual controversy sufficient to support a claim for relief. *See Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (holding that the "capable of repetition, yet evading review" exception applies when (1) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration, and (2) a reasonable expectation exists that the same complaining party would be subjected to the same action again).

Because the court can no longer provide any meaningful relief to Valencia, the court finds that the Respondents' motion to dismiss is due to be granted and this action is due to be dismissed as moot.

The court will enter a separate Final Order.

DONE and ORDERED this 9th day of November, 2016.

**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE